IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HOSEA FANADISE HAMPTON,          )
                                 )
                  Petitioner,    )
                                 )
        v.                       )     1:16CV871
                                 )     1:99CR320-1
UNITED STATES OF AMERICA,        )
                                 )
                  Respondent.    )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #96] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted in this Court of one count of distribution of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Petitioner received concurrent sentences 262 months of imprisonment to be followed by six years of supervised release for the cocaine hydrochloride conviction and eight years of supervised release for the cocaine base conviction. Petitioner pursued an unsuccessful direct appeal and prior motion under § 2255 in case 1:02CV324. Petitioner later filed a second § 2255 motion in case 1:12CV934 in which he raised a single claim stating "[p]ursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. N.C. 2011) (en banc), [Petitioner's] sentence should not be enhanced pursuant to Title 21 U.S.C. 851. See memorandum of Law." (Second § 2255 Motion [Doc. #85] § 12, Ground One.) He also filed

a Memorandum [Doc. #86] arguing that claim. Following the filing of a Motion to Dismiss, Petitioner entered into a Joint Stipulation of Dismissal [Doc. #93] agreeing to dismiss the case without prejudice, which the Court allowed by written Order [Doc. #94].

More than three years later, Petitioner submitted what appear to be unsigned copies of his Second § 2255 Motion and Memorandum, along with this Court's Order allowing the dismissal of that Motion without prejudice, to the United State Court of Appeals for the Fourth Circuit in order to seek permission to file a second or successive § 2255 Motion. That Court granted permission stating that Petitioner "made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. See In re Hubbard, __ F.3d __, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016)."

This Court therefore entered an Order (Text Order dated Sept. 14, 2016) staying this matter in light of Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), which was then pending before the United States Supreme Court. After the Supreme Court decided the case in Beckles v. United States, ___ U.S. ___, 136 S. Ct. 2510 (2016), the Court initially lifted the stay, but later entered an Order [Doc. #111] imposing another stay in light of United States v. Brown, No. 17-9276 (U.S), which was then pending before the United States Supreme Court on a petition for certiorari. The Court ordered that any Response by the Government be filed within 30 days of a decision in Brown. The Supreme Court later denied certiorari in Brown v. United States, ___ U.S. ___, 139 S. Ct. 14 (2018). The Government then responded with a Motion to Dismiss [Doc. #112]. Despite being notified

of his right to file a Response, Petitioner did not file any opposition to the Motion to Dismiss. Having considered the filings, the Court will recommend that the stay be lifted and will address the parties' pending Motions.

Petitioner's pending § 2255 Motion raises a single ground for relief in which he challenges his sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). He contends that a sentencing enhancement applied to him under 21 U.S.C. § 851 is no longer valid following Simmons. Despite having been given permission to file his § 2255 based on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), at no point does Petitioner appear to raise or argue a claim based on that case.

Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner filed a direct appeal, which the United States Court of Appeals for the Fourth Circuit denied on April 26, 2001, in United States v. Hampton, 8 F. App'x 171 (4th Cir. 2001). Petitioner did not seek

3

certiorari, which means that his conviction became final when his time for seeking certiorari expired 90 days later on July 25, 2001. See Sup. Ct. R. 13(1). Petitioner's year to file under subsection (f)(1) began to run on that date. Although Petitioner made a number of filings in this Court over the years, he did not raise his current claim for relief until at least 2012 when he filed his Second § 2255 Motion. Petitioner's claim is years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on the case of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), along with Simmons to argue that his claim is timely. However, Carachuri-Rosendo does not constitute a substantive change in law retroactive on collateral review. United States v. Powell, 691 F.3d. 554 (4th Cir. 2012). Likewise, Simmons, does not affect the statute of limitations. United States v. Whiteside, 775 F.3d 180 (4th Cir. 2014). Therefore, subsection (f)(3) does not render Petitioner's claim timely.[1]

---

[1] To any extent that Petitioner's current Motion could be construed as raising a challenge to his status as a career offender based on Johnnson, that claim would also fail as untimely. See United States v. Brown, 868 F.3d 297, 301–03 (4th Cir. 2017) (emphasis added) (internal citations and emphasis omitted), cert. denied, 139 S. Ct. 14 (2018).

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his Motion are based on facts that existed and were known to him at the time his Judgment was entered. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). United States v. Whiteside, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's Motion is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His claim is untimely and should be dismissed.[2]

IT IS THEREFORE RECOMMENDED that the prior stay be lifted, that Respondent's Motion to Dismiss [Doc. #112] be granted, that Petitioner's Motion [Doc. #96] to vacate, set aside or correct sentence be dismissed, and that judgment be entered dismissing the action.

This, the 15th day of July, 2019.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge

---

[2] As noted by Respondent in its Motion to Dismiss [Doc. #91] opposing Petitioner's Second § 2255 Motion, Petitioner's challenge to his § 851 enhancement is without merit in any event because the Information of Prior Conviction [Doc. #12] he challenges remains valid even after Simmons.